IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 1 7 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-02150-LTB

ADRIAN SALVADOR GOMEZ,

      Plaintiff,

v.

KEITH COLEMAN, Bar #24517,

      Defendant.

---

## ORDER DENYING MOTION TO RECONSIDER

---

      Plaintiff, Adrian Salvador Gomez, has filed *pro se* on October 13, 2011, a letter to the Court (Doc. #6) asking the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on September 30, 2011.  The Court must construe the letter liberally because Mr. Gomez is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Therefore, the Court construes the letter as a motion to reconsider. For the reasons discussed below, the liberally construed motion will be denied.

      A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will

consider Mr. Gomez's motion to reconsider pursuant to Rule 59(e) because the motion

was filed within twenty-eight days after the Judgment was entered in this action. *See*

*Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit

for filing a Rule 59(e) motion under prior version of that rule should be construed as a

Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to

present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th

Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is

appropriate when "the court has misapprehended the facts, a party's position, or the

controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.

2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already

addressed or to advance arguments that could have been raised previously.  *See id*.

The Court dismissed the instant action without prejudice because Mr. Gomez

failed either to pay the designated initial partial filing fee or to show cause as directed

why he was unable to pay the designated initial partial filing fee.  On August 23, 2011,

Magistrate Judge Craig B. Shaffer granted Mr. Gomez leave to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915 in this action.  Pursuant to § 1915(b)(1),

Magistrate Judge Shaffer ordered Mr. Gomez either to pay an initial partial filing fee of

$37.00 or to show cause why he has no assets and no means by which to pay the initial

partial filing fee.  In order to show cause, Mr. Gomez was directed to file a current

certified copy of his inmate trust fund account statement.  Mr. Gomez was warned that

the complaint and the action would be dismissed without further notice if he failed either

2

to pay the initial partial filing fee or to show cause as directed within thirty days. On September 30, 2011, after Mr. Gomez failed to respond in any way to Magistrate Judge Shaffer's August 23 order within the time allowed, the Court entered an order dismissing the action.

Mr. Gomez states in the Motion to Reconsider that he is sorry for not responding to Magistrate Judge Shaffer's August 23 order, and he alleges that he was transferred to a new facility on September 14, 2011, where he was placed in protective custody without access to his property. He also alleges that he has no money, although he has not submitted a certified copy of his inmate trust fund account statement to demonstrate an inability to pay the initial partial filing fee.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Gomez fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Gomez does not explain why he needed access to his property in order to comply with Magistrate Judge Shaffer's August 23 order or to request an extension of time to comply with that order. The Court's docketing records do not indicate that the copy of Magistrate Judge Shaffer's August 23 order was returned to the Court undelivered and Mr. Gomez does not allege that he did not receive a copy of that order. He alleges that he received the copy of the Court's order dismissing this action that was mailed to him at his old address after he was transferred on September 14. The Court also notes that Mr. Gomez did not file a notice of change of address within five days after he was transferred as required by the Court's local rules. *See* D.C.COLO.LCivR 10.1M. Therefore, the motion to reconsider will be denied. Mr. Gomez is reminded, however, that the Court dismissed the instant action

3

without prejudice.  Therefore, if Mr. Gomez wishes to pursue his claims, he may do so by filing a new action.  Accordingly, it is

ORDERED that Plaintiff's letter to the Court (Doc. #6) filed on October 13, 2011, which the Court has construed as a motion to reconsider, is denied.

DATED at Denver, Colorado, this _17th_ day of ___October_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02150-BNB

Adrian Salvador Gomez
Prisoner No.  108873
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER** to the above-named
individuals on October 17, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk